UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROGER DAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-0046-JMS-MJD |
| ) | |
| WARDEN, FCC Terre Haute, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons stated below, this is an appropriate case for summary dismissal because the petition of Roger Day shows on its face that he is not entitled to the relief he seeks.

Day is confined in this District serving the executed portion of sentences imposed by the United States District Court for the Eastern District of Virginia. He was sentenced to 105 years in prison and ordered to pay substantial fines, forfeitures and restitution. *United States v. Day,* 700 F.3d 713 (4th Cir. 2012) (affirming convictions and sentence); *cert. denied,* 133 S.Ct. 2038 (2013); Judgment, *United States v. Roger Charles Day, Jr.*, No. 3:07-CR-154003 (E.D.Va. Dec. 16, 2011).

In its Entry of February 19, 2016, the court noted that Day's habeas claim is that the Bureau of Prisons ("BOP") has been improperly collecting a monthly payment toward the restitution obligation imposed as part of his sentence. Day seeks an adjudication that the BOP's action in doing

so is illegal. In that same, Entry, Day was directed to supplement his petition for writ of habeas corpus by stating whether the Federal Bureau of Prison's collection of restitution payments as described in his petition is being done through the Inmate Financial Responsibility Program and, if it is, whether he consented to such collections.

The IFRP is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Those financial obligations generally consist of a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. § 545.11. Thus, the goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment—namely the timely payment of whatever sum the court has ordered him to pay. *McGee v. Martinez,* 627 F.3d 933, 936 (3d Cir. 2010).

Case upon case make this point: "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] . . . an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010). The Bureau of Prisons lacks the power to compel participation in the IFRP. Administrators may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating. See 28 C.F.R. § 545.11(d); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). Day's supplement filed on March 7, 2016 shows that on March 12, 2015 he signed an agreement with the BOP establishing and attesting to his voluntary participation in the IFRP. He states in his supplement, however, that his signature does not represent his consent to voluntary participation because he wrote "without prejudice" next to his name. He asserts that this "without

prejudice" annotation results in his signature not attesting to his consent, and hence the document itself does not mean what it says. The document just described is reproduced below:

```
                                                      PAGE NO: 001
                        INMATE FINANCIAL PLAN

    REGISTER NUMBER: 12388-050
    INMATE NAME....: DAY, ROGER CHARLES JR
    FACILITY.......: TERRE HAUTE USP


    A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
    CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
    RESPONSIBILITY PROGRAM.

    I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
    INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I
    AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
    SATISFIED.

    I FURTHER UNDERSTAND THAT THE PAYMENT PLAN WILL AUTOMATICALLY STOP AND NO
    FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
    RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM
    RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
    PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE PLAN WILL NOT TERMINATE
    UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION
    CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE PLAN TO
    TERMINATE.


    PAYMENT METHOD...:   AMT/PCT: 25.00   FREQ: QU   ORIGIN: TF
    START CYCLE......:   6-2015
    INMATE DECISION..:   Agreed
    OBLIGATION NUMBER:   6254 _ _ _ _ _ _ _ _ _
                         _ _ _ _ _ _ _ _ _


    INMATE SIGNATURE........:  X Without prejudice [signature]    DT SIGNED: 3-17-15

    STAFF WITNESS SIGNATURE:   [signature]                          DT SIGNED: 3-17-15
```

Use of the IFRP under the foregoing circumstances to collect the fine or restitution portion of his sentence does not render that action unlawful in any fashion. *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008)("leaving payment during imprisonment to the Inmate Financial

Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. *Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices*")(emphasis added); *see also Jordan v. Holt*, 488 F. App'x 587, 588 (3d Cir. 2012)("as we have already pointed out, participation in the IFRP is voluntary. The BOP only 'implements' the IFRP after a prisoner has chosen to participate in it. Jordan cannot be heard to complain about the 'unlawful action of scheduling [his] restitution payments' after he elected participation in the IFRP."); *Duronio v. Werlinger,* 454 F. App'x 71, 73-74 (3d Cir. 2011) (affirming denial of habeas petition where petitioner alleged BOP unlawfully modified restitution schedule by finding that petitioner's voluntary participation in the IFRP is determinative as it provides the BOP the authority to collect restitution funds).

Day's participation in the IFRP is voluntary. This is evident from the nature of the program and the face of his signed agreement. Day's "without prejudice" argument rings hollow when it is considered that he had the option of refusing to participate in the program. He opted not to refuse. He opted to "agree." What he agreed to is plainly stated. What he agreed to is to participate in the program and to making payments pursuant to the program. By signing the document, Day acknowledged the obligation which he was accepting. No other sensible understanding of the document is possible.

Based on the foregoing, Day's petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks and that petition is **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: April 18, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Roger Day
Reg. No. 12388-050
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808